## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03614-RGK-DSR | Date | April 27, 2026 |
| --- | --- | --- | --- |
| Title | *Evan Klein v. Federal Express Corporation et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order to Show Cause Re: Notice of Removal [1]**

On February 13, 2026, Evan Klein ("Plaintiff") filed a Complaint against Federal Express Corporation ("Defendant") and Does, alleging violations of California law arising from Plaintiff's employment with Defendant. (Compl., ECF No. 1-3.) On April 6, 2026, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court hereby **ORDERS** Defendant to **SHOW CAUSE in writing** that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03614-RGK-DSR | | Date | April 27, 2026 |
|---|---|---|---|---|
| Title | *Evan Klein v. Federal Express Corporation et al* | | | |

Here, Plaintiff seeks medical expenses, general damages, special damages (including lost earnings and benefits), attorneys' fees and costs, and punitive damages. Since Plaintiff's employment terminated on October 6, 2025, Plaintiff's alleged lost earnings amount to approximately $10,946.[1] Even if Plaintiff were to recover back pay from his last day worked, which would add approximately a week of pay for the time in which Plaintiff was suspended before termination, Defendant inflates this figure by assuming this case goes to trial in one year and suggesting Plaintiff will be seeking an additional year of lost wages and benefits, for a total amount of $34,943. Defendant goes further to inflate this figure by assuming Plaintiff will seek front pay benefits for two years after trial, suggesting that future wages would increase the total amount in controversy to $78,727. Defendant also points to Plaintiff's claims for emotional distress damages, attorneys' fees, and punitive damages.

Defendant does not provide any support for these figures. With respect to lost earnings, Defendant merely assumes this case would take a year to go to trial with no stated basis. And Defendant simply assumes that awards in other employment cases are comparable in assessing the amount of emotional distress damages, punitive damages, and attorneys' fees at issue in this case.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE in writing** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer          JRE/gz

---

[1] According to Defendant, Plaintiff earned approximately $421 per week ($21.05 per hour, approximately twenty hours per week). As of the date of the Notice of Removal, approximately 26 weeks have passed since Plaintiff's employment terminated on October 6, 2025. Thus, the lost wages are approximately $10,946 (26 weeks at $421 per week).